UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

Isidro Arias

              Plaintiff,

-Against-

THE CITY OF NEW YORK and THE POLICE
DEPARTMENT OF THE CITY OF NEW YORK;
P. O.  PATRICK MCGRATH, shield no.
unknown; DETECTIVE LARRY CARITO, shield no.
4117; P.O. Albert Aronov, shield no. 20282; Sergeant
David John, Shield no. 1956; Officers JOHN DOE and
RICHARD ROE and others whose true names and
shield numbers are presently unknown.

-------------------------------------------------X

Civil Action No.

AMENDED COMPLAINT
JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff, Isidro Arias seeks relief for the
defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983,
1985, 1986, and the rights secured by the Fourth, Fifth, Sixth, Eighth, and Fourteenth
Amendments to the United States Constitution.

2.      The plaintiff seeks damages, compensatory and punitive, affirmative and equitable
relief, an award of costs, interests and attorney's fees, and such other and further relief as this
court deems equitable.

## JURSIDICTION

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4),
this being an action seeking for the violation of plaintiff constitutional and civil rights.

4.     Plaintiffs' claims for declaratory and injunctive relief is authorized by 28 U.S.C. §§
2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

5.     The plaintiff further invoke this Court's pendent jurisdiction, pursuant to 28 U.S.C.
§1367 (a), over any and all state law claims and against all parties that are so related to the
claims in this action within the original jurisdiction of this Court that they form part of the same
case or controversy.

### JURY TRIAL DEMANDED

6.     The plaintiff demands a trial by jury on each and every one of his claims as
pleaded herein.

### VENUE

7.     Venue is proper for the United States District Court for the Eastern District of
New York pursuant to 28 U.S.C. § 1391 (a), (b), and (c).

### THE PARTIES

8.     Plaintiff Isidro Arias is a citizen of the United States who resided in Brooklyn,
New York, at the time the events giving the rise to his claims occurred.

9.     Defendant CITY OF NEW YORK POLICE DEPARTMENT is a municipal entity
created and authorized under the laws of the State of New York.  It is authorized by law to
maintain a police department, which acts as its agent in the area of law enforcement and for
which it is ultimately responsible.  The defendant CITY OF NEW YORK assumes the risks
incidental to the maintenance of a police force and employment of police officers as said risk

attaches to the public consumers of the services provided by members of the NEW YORK CITY

POLICE DEPARTMENT.

10.    Defendant NEW YORK CITY POLICE DEPARTMENT is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for the defendant CITY OF NEW YORK and assumes the risks incidental to the maintenance of its police force and the employment of police officers.

11.    At all times relevant herein, the Police Officers named herein, (collectively "defendant officers") were acting under color of law in the course and scope of their duties and functions as agents, servants, employees and officers of the NEW YORKCITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as officers, agents and employees of the NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of the NEW YORK CITY POLICE DEPARTMENT. Plaintiff is unable to determine the true names of defendants "John Doe and Richard Roe" at this time and thus sue them under a fictitious designation. All of the defendant Officers are sued individually and in their official capacities.

**FACTUAL ALLEGATIONS**

12.    November 3, 2010, at approximately 12PM, plaintiff was out and about in the vicinity of Irving Avenue and Covert Street when he was approached by police officers Patrick McGrath and Albert Aronof.

13.    The officers surrounded and handcuffed plaintiff.

14.      The officers arrested plaintiff, searched him and thereafter without justification dragged him into an awaiting police car and transported him to the 83rd Precinct where he remained for hours.  Plaintiff requested that the officers refrain from such activity, but, without probable cause and legal justification, Plaintiff was shoved into the awaiting police car and taken away.

16.      Without probable cause or legal justification of any kind, defendants maliciously charged plaintiff with false allegations of Burglary and related charges.

17.      At no time did plaintiff engage in said conduct.  Nor did defendants or any other unknown defendant officers have probable cause to believe that plaintiff committed said offense.

18.      While at the 83rd Precinct, plaintiff was subjected to a lengthy, coercive and traumatizing interrogation.  Even though plaintiff became ill, the detective named in this matter pressured and terrorized plaintiff, questioning him for hours.

19.      When plaintiff denied the allegation, the Detective named herein used foul language, yelled and screamed in an attempt to terrorize plaintiff.  Plaintiff asked defendant Detective not to address him in such an obscene and abusive manner.  Defendant Detective continued verbally accosting and terrorizing plaintiff.

20.      A sergeant David John verified this false arrest and hours later, plaintiff was transported to the Kings County Criminal Court in a police vehicle and arraigned on November 4, 2010.

21.      Plaintiff was incarcerated as a result of this matter between November 3, 2010 and January 31, 2011 when he was released on bail.

22.      Most unfortunately however, Plaintiff's release was short-lived.  On March 23, 2011, officers "John Doe" and "Richard Roe" again surrounded plaintiff in the area of covert

Street and placed him under arrest yet again. This subsequent arrest was logged by the officers under Arrest No. k11628169. Without probable cause or legal justification of any kind, defendants, once again, maliciously charged plaintiff with additional false allegations of Burglary and related charges.

23.     At no time did plaintiff engage in said conduct. Nor did defendants or any other unknown defendant officers have probable cause to believe that plaintiff committed said offense.

24.     While at the Precinct, plaintiff was subjected to a coercive and traumatizing interrogation yet again. Officers pressured and terrorized plaintiff, questioning him about burglaries in the area threatening him with a lengthy jail sentence

25.     Hours later, plaintiff was transported to court in a police vehicle and arraigned in this second case on March 24, 2011 under Docket No. 2011KN023407.

26.     Plaintiff was incarcerated as a result of this matter and released on the 180.80 day. However, on June 16, 2011, when Plaintiff appeared in the Kings County Supreme Court on the pre-existing criminal matter(resulting from the November 3, 2010 arrest), the subsequent arrest of March 23, 2011 contributed to an unfortunate change in circumstance for bail purposes in the first case. As a result of this second false arrest of March 23, 2011, the bail on the pre-existing case was exonerated and increased and the plaintiff was re-incarcerated on June 16, 2011 and remained in jail until November 3, 2011.

27.     The case related to the first arrest on November 3, 2010 was dismissed on November 3, 2011 on the People's own motion. At the time of the dismissal, the prosecutors were forced to admit that the location Plaintiff was accused of having burglarized was never in fact burglarized. The case related to the second arrest of March 23, 2011 was dismissed pursuant to C.P.L. 30.30. The People failed to prosecute the latter case because of an obvious lack of

probable cause. All charges leveled against plaintiff were terminated in plaintiff's favor by

November 3, 2011.

28.    As a direct and proximate result of these unlawful arrests, confinement and

prosecutions, plaintiff suffered loss of liberty, and he has suffered, and continues to suffer

psychological pain, suffering and mental anguish.

## 90 DAY NOTICE

29.    Within ninety days after the claims in the complaint arose, written Notices of

Claim, sworn to by plaintiff was served on defendant City by personal delivery of the Notices in

duplicate, to the Comptroller's office at One Centre Street, New York, NY.

30.    At least thirty days have elapsed since the service of the Notices of Claim; and,

adjustment or payment of the claims has been neglected or refused.

31.    This action has been commenced within 3 years after the happening of the event

upon which the claim is based.

## AS AND FOR A FIRST CLAIM OF RELIEF (related to the first arrest)
## 42 U.S.C. §§ 1983
### (By Plaintiff Against All Defendants)

32.    Plaintiff repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33.    By terrorizing plaintiff for hours during the course of police interrogation,

Defendant Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed

to every citizen of the United States, in violation of 42 U.S.C. § 1983, and the Fourth, Fifth,

Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

34.    The Defendant Officers acted under pretense and color of state law and in their

individual and official capacities and within the scope of their employment as a New York City

Police officers.  Said acts or failures to act by the unknown Defendant Officers were beyond the scope of their jurisdiction, without authority of the law, and in abuse of their powers, and said defendants acted or conspired to act, willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

35.     As a direct and proximate result of the misconduct and abuse of the authority detailed above, plaintiff sustained damages hereinbefore alleged.

**AS AND FOR A SECOND CLAIM FOR RELIEF (related to the first arrest)**
42 U.S.C. § 1983
(By Plaintiff Against Defendant Officers)

36.     Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth herein.

37.     By arresting and imprisoning Plaintiff without probable cause, the Defendant Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and deprived Plaintiff of rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth  Amendments of the United States Constitution.

38.     The Defendant Officers acted under state law pretense and color of state law and in their individual and official capacities and within scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted, or conspired to act, willfully knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

39.     As a direct and proximate result of the misconduct and abuse of authority detailed

above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR THIRD CLAIM FOR RELIEF(related to the first arrest)**

False Arrest and False Imprisonment
LOSS OF LIBERTY
(By Plaintiff Against All Defendants)

40.     Plaintiff repeats and realleges paragraph 1 through 39 as if the same were

willfully set for that length herein.

41.     The Defendant Officers and the City wrongfully and illegally arrested, detained

and imprisoned plaintiff or allowed the arrest to occur.

42.     The wrongful, unjustifiable and unlawful apprehension, arrest, detention and

imprisonment was carried out without a warrant and without plaintiff's consent and without

probable cause.

43.     At all relevant times, the Defendant Officers fabricated these false allegations in

order to deprive plaintiff of his liberty or with reckless disregard to that fact.

44.     During this period, plaintiff was unlawfully and wrongfully handcuffed,

interrogated, harassed, and threatened, and was subjected to the indignities of the arrest process,

and additional indignities during his coercive interrogation.

45.     Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under

arrest, deprived of his liberty, imprisoned and falsely charged.

46.     At all times mentioned, the unlawful, wrongful arrest and imprisonment of

plaintiff was without right and without probable or reasonable cause.

47.     All of the foregoing occurred without any fault or provocation on the part of

plaintiff.

48.     Defendants, their officers, agents, servants and employees were responsible for

plaintiff's arrest, detention and imprisonment during this period of time. Defendant City as

employer of the Defendant Officers, is responsible for their wrongdoing under the doctrine of

*respondeat superior.*

49.     The Defendant Officers acted, or conspired to act, with a knowing, willful,

wanton, grossly, reckless, unlawful, unreasonable, unconscionable and flagrant disregard of

plaintiff's rights, privileges, welfare, and well-being and were guilty or egregious and gross

misconduct toward plaintiff. By arresting and imprisoning Plaintiff without probable cause, the

Defendant Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed

to every citizen of the United States, in violation of 42 U.S.C. § 1983, and deprived Plaintiff of

rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth  Amendments of the United

States Constitution.

50.     As a direct and proximate result of the misconduct and abuse of authority detailed

above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR A FOURTH CLAIM FOR RELIEF (related to the first arrest)**

Malicious Prosecution

(Against All Defendants)

51.     Plaintiff repeats and realleges paragraphs 1 through 50 as if the same were fully

set forth at length herein.

52.     Pursuant to the arrest and imprisonment of plaintiff, the Defendant Officers

maliciously commenced, or allowed to be commenced, a criminal proceeding against Plaintiff

which was malicious and entirely without cause.

53.     On or about November 3, 2011 all criminal charges against Plaintiff were

dismissed and the case was terminated in his favor.  No further criminal action was pursued.

54.     Defendants, their officers, agents, servants and employees were responsible for

the malicious prosecution of plaintiff during this period of time.  The defendant City, as

employer of the Defendant Officers, is responsible for their wrongdoing under the doctrine of

*respondeat superior.* The defendant's should have known that there was no legitimate basis for

this prosecution.  The prosecution suborned false testimony in the grand jury to procure an

indictment.  The assigned prosecutor ADA Licia M. Giep along with her supervisor were forced

to admit on the record on November 3, 2011, that the location Plaintiff was charged with having

burglarized was never in fact burglarized.  The defendants must be held accountable for the

following:  failure to investigate false and misleading testimony in the grand jury, malicious

prosecution for failing to timely correct the error, malicious prosecution for increasing bail when

the people should have known of the error, malicious prosecution for making false statements of

readiness.

54.     By arresting and imprisoning Plaintiff without probable cause, the Defendant

Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every

citizen of the United States, in violation of 42 U.S.C.  §  1983, and deprived Plaintiff of rights

guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth  Amendments of the United States

Constitution.

55.     As a direct and proximate result of the misconduct and abuse of authority detailed

above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR A FIFTH CLAIM FOR RELIEF** (**related to the first arrest**)

Liability of Defendants the City of New York and
New York City Police Department for Constitutional Violations
(Plaintiff Against Defendant City of New York
And the New York City Police Department)

56.     The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 55 as if fully set forth herein.

57.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department, NEW YORK CITY POLICE DEPARTMENT, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers, and of the resultant official cover-up of the wrong and unconstitutional conduct of these officers.

58.     These policies, practices, customs and usages include, inter alia: (a) the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged misconduct; (b) the police code of silence wherein police officers regularly cover-up misconduct with the use of false and incomplete stories, inter alia, in sworn testimony, official reports, in statements to the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Bureau, and in public statements, all of which are designed to cover for and/or falsely exonerate the accused police officers.

59.     On information and belief, the defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT failed to effectively screen, hire, train, supervise and discipline their police officers, including the defendant police officers herein, for their propensity for a lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct, thereby permitting and allowing the defendant police officers to be in a position to violate Plaintiff's federal constitutional rights.

60.     On information and belief, the defendant police officers herein have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should

have given notice to the defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT that the defendant police officers herein where likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein.

61.     As a result of the foregoing conscious policies, practices, customs, and/or usages, defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of police misconduct. Such policies, practices, customs, and/or usages are a direct an proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of Plaintiff's loss of liberty. The Defendant Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and deprived Plaintiff of rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

62.     As a direct and proximate result of the defendants' wrongful polices, practices, customs and/or usages complained of herein, the plaintiff has suffered permanent physical, mental anguish, suffering, humiliation and embarrassment.

## AS AND FOR THE SIXTH CLAIM FOR RELIEF (related to the first arrest)

Negligent Hiring and Retention of Employment Services
(By Plaintiff Against Defendants City of New York
And New York City Police Department)

63.     Plaintiff repeat and reallege paragraphs 1 through 62 as if the same were fully set forth at length herein.

64.     Upon information and belief, defendants City of New York and the NYPD owed a

duty of care to plaintiff to prevent the mental abuse and loss of liberty sustained by plaintiff.

65.     Upon information and belief defendants City of New York and the NYPD owed a

duty of care to plaintiff because the same or similar circumstances a reasonable, prudent

and careful person should have anticipated that loss of liberty to plaintiff or to those in a like

situation would probably result from this conduct.

66.     Upon information and belief, the Defendant Officers were unfit and incompetent

for their positions.

67.     Upon information and belief, Defendants City of New York and the NYPD knew,

or should have known through the exercise of reasonable diligence, that the Defendant Officers

were potentially dangerous.

68.     Upon information and belief, defendants City of New York's and the NYPD's

negligence in hiring and retaining the Defendant Officers proximately caused plaintiffs' loss of

liberty.

69.     Upon information and belief, because of Defendants City of New York's and the

NYPD's negligent hiring and retention of the aforementioned Defendant Officers, plaintiff

incurred significant and lasting losses.

**AS AND FOR A SEVENTH CLAIM OF RELIEF** (related to the second arrest)

42 U.S.C. §§ 1983

(By Plaintiff Against All Defendants)

70.     Plaintiff repeats and realleges paragraphs 1 through 69 as if fully set forth herein.

71. By terrorizing plaintiff for hours during the course of police interrogation, Defendant Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

72. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment as a New York City Police officers. Said acts or failures to act by the unknown Defendant Officers were beyond the scope of their jurisdiction, without authority of the law, and in abuse of their powers, and said defendants acted or conspired to act, willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

73. As a direct and proximate result of the misconduct and abuse of the authority detailed above, plaintiff sustained damages hereinbefore alleged.

**AS AND FOR A EIGHT CLAIM FOR RELIEF (related to the second arrest)**
42 U.S.C. § 1983
(By Plaintiff Against Defendant Officers)

74. Plaintiff repeats and realleges paragraphs 1 through 73 as if fully set forth herein.

75. By arresting and imprisoning Plaintiff without probable cause, the Defendant Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and deprived Plaintiff of rights

guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

76. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted, or conspired to act, willfully knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

AS AND FOR NINTH CLAIM FOR RELIEF (related to the second arrest)
False Arrest and False Imprisonment
LOSS OF LIBERTY
(By Plaintiff Against All Defendants)

78. Plaintiff repeats and realleges paragraph 1 through 77 as if the same were willfully set for that length herein.

79. The Defendant Officers and the City wrongfully and illegally arrested, detained and imprisoned plaintiff or allowed the arrest to occur.

80. The wrongful, unjustifiable and unlawful apprehension, arrest, detention and imprisonment was carried out without a warrant and without plaintiff's consent and without probable cause.

81. At all relevant times, the Defendant Officers fabricated these false allegations in order to deprive plaintiff of his liberty or with reckless disregard to that fact.

82.     During this period, plaintiff was unlawfully and wrongfully handcuffed, interrogated, harassed, and threatened, and was subjected to the indignities of the arrest process, and additional indignities during his coercive interrogation.

83.     Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

84.     At all times mentioned, the unlawful, wrongful arrest and imprisonment of plaintiff was without right and without probable or reasonable cause.

85.     All of the foregoing occurred without any fault or provocation on the part of plaintiff.

86.     Defendants, their officers, agents, servants and employees were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City as employer of the Defendant Officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

87.     The Defendant Officers acted, or conspired to act, with a knowing, willful, wanton, grossly, reckless, unlawful, unreasonable, unconscionable and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and were guilty or egregious and gross misconduct toward plaintiff. By arresting and imprisoning Plaintiff without probable cause, the Defendant Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and deprived Plaintiff of rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

88.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

**AS AND FOR A TENTH CLAIM FOR RELIEF (related to the second arrest)**

Malicious Prosecution
(Against All Defendants)

89.     Plaintiff repeats and realleges paragraphs 1 through 88 as if the same were fully set forth at length herein.

90.     Pursuant to the arrest and imprisonment of plaintiff, the Defendant Officers maliciously commenced, or allowed to be commenced, a criminal proceeding against Plaintiff which was malicious and entirely without cause.

91.     On or about November 3, 2011 all criminal charges against Plaintiff were dismissed and the case was terminated in his favor. No further criminal action was pursued.

92.     Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff during this period of time. The defendant City, as employer of the Defendant Officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*. The defendant's should have known that there was no legitimate basis for this prosecution. The prosecution suborned false testimony in the grand jury to procure an indictment. The assigned prosecutor ADA Licia M. Giep along with her supervisor were forced to admit on the record on November 3, 2011, that the location Plaintiff was charged with having burglarized was never in fact burglarized. The defendants must be held accountable for the following: failure to investigate false and misleading testimony in the grand jury, malicious prosecution for failing to timely correct the error, malicious prosecution for increasing bail when the people should have known of the error, malicious prosecution for making false statements of readiness.

93.     By arresting and imprisoning Plaintiff without probable cause, the Defendant Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and deprived Plaintiff of rights

guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

94.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages heret" before alleged.

**AS AND FOR A ELEVENTH CLAIM FOR RELIEF (related to the second arrest)**

Liability of Defendants the City of New York and
New York City Police Department for Constitutional Violations
(Plaintiff Against Defendant City of New York
And the New York City Police Department)

95.     The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 94 as if fully set forth herein.

96.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department, NEW YORK CITY POLICE DEPARTMENT, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers, and of the resultant official cover-up of the wrong and unconstitutional conduct of these officers.

97.     These policies, practices, customs and usages include, inter alia: (a) the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged misconduct; (b) the police code of silence wherein police officers regularly cover-up misconduct with the use of false and incomplete stories, inter alia, in sworn testimony, official reports, in statements to the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Bureau, and in public statements, all of which are designed to cover for and/or falsely exonerate the accused police officers.

98.     On information and belief, the defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT failed to effectively screen, hire, train, supervise and discipline their police officers, including the defendant police officers herein, for their propensity for a lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct, thereby permitting and allowing the defendant police officers to be in a position to violate Plaintiff's federal constitutional rights.

99.     On information and belief, the defendant police officers herein have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to the defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT that the defendant police officers herein where likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein.

100.    As a result of the foregoing conscious policies, practices, customs, and/or usages, defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of police misconduct. Such policies, practices, customs, and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of Plaintiff's loss of liberty. The Defendant Officers deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, and deprived Plaintiff of rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

101.    As a direct and proximate result of the defendants' wrongful polices, practices, customs and/or usages complained of herein, the plaintiff has suffered permanent physical, mental anguish, suffering, humiliation and embarrassment.

## AS AND FOR THE TWELFTH CLAIM FOR RELIEF(related to the second arrest)

Negligent Hiring and Retention of Employment Services
(By Plaintiff Against Defendants City of New York
And New York City Police Department) twelfth

102.    Plaintiff repeat and reallege paragraphs 1 through 101 as if the same were fully set forth at length herein.

103.    Upon information and belief, defendants City of New York and the NYPD owed a duty of care to plaintiff to prevent the mental abuse and loss of liberty sustained by plaintiff.

104.    Upon information and belief defendants City of New York and the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that loss of liberty to plaintiff or to those in a like situation would probably result from this conduct.

105.    Upon information and belief, the Defendant Officers were unfit and incompetent for their positions.

106.    Upon information and belief, Defendants City of New York and the NYPD knew, or should have known through the exercise of reasonable diligence, that the Defendant Officers were potentially dangerous.

107.    Upon information and belief, defendants City of New York's and the NYPD's negligence in hiring and retaining the Defendant Officers proximately caused plaintiffs' loss of liberty.

108.     Upon information and belief, because of Defendants City of New York's and the

NYPD's negligent hiring and retention of the aforementioned Defendant Officers, plaintiff

incurred significant and lasting losses.

**WHEREFORE**, the plaintiff demands the following reliefs severally against all of the

defendants:

a.     Compensatory damages in the amount of $2,000,000.00;

b.     Punitive damages in the amount of $5,000,000.00; and lost wages

c.     The convening and empanelling of a jury to consider the merits of the claims herein;

d.     Costs and interest and attorney's fees;

e.     Such other and further relief as this court may deem appropriate and equitable,

including injunctive and declaratory relief as may be required in the interests of

justice.

DATED:     Brooklyn, New York
           October 31, 2013

Amy Rameau, Esq.
16 Court Street, Suite 2504
Brooklyn, NY 11241
Phone: 718. 887.5536
Fax: 718.875.5440

VERIFICATION

STATE OF NEW YORK )

ss..

COUNTY OF KINGS )

ISIDRO ARIAS, being duly sworn, deposes and says:

That he is the PLAINTIFF in this matter; that he has read the foregoing complaint; that he knows the contents thereof; that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

_____
ISIDRO ARIAS

Subscribed and sworn to before
Me this 31th day of October  2013

_____
NOTARY PUBLIC

JOSEPH A. RUSSO
Notary Public, State of New York
No. 01RU6008477
Qualified in Kings County
Commision Expires June 08, 20 14